


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHAWN SHAW,

    Petitioner,

vs.

DOMINGO URIBE, Jr.,
Warden,

    Respondent.

Case No. CV 11-10675-CJC (JPR)

ORDER ACCEPTING FINDINGS AND
RECOMMENDATIONS OF U.S.
MAGISTRATE JUDGE

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records and files of this case, and the Report and Recommendation of the U.S. Magistrate Judge. On December 6, 2013, Petitioner filed objections to the R&R as well as a request for a certificate of appealability, both of which focus on claims one and two (juror bias), three (unduly suggestive lineup procedures), and 10 (ineffective assistance of counsel). As to those claims, he mostly simply reargues the Petition and Reply to Respondent's Answer to the Petition.

    A couple of his objections require a response, however. He objects to the Magistrate Judge's observation on page 14 of the R&R that part of his suggestive-identification claim was likely procedurally barred. (Objections at 8.) The Magistrate Judge

nonetheless exhaustively considered the entire claim on the merits (R&R at 14-15, 24-36), so her statement concerning procedural bar would make no difference to the outcome even were it incorrect.  He also expressly asserts that his counsel was ineffective for failing to object to Juror No. 7 on the ground that she was biased.  (Objections at 7-8.)  As the Magistrate Judge noted (R&R at 60 n.29), Petitioner did not sufficiently raise this claim in his Petition or Reply.  She nonetheless found, correctly, that even had it been properly raised, it lacked merit.  (Id.)

Accordingly, having made a de novo determination of those portions of the Report and Recommendation to which objections were made, the Court concurs with and accepts the Magistrate Judge's recommendations.  IT THEREFORE IS ORDERED that Judgment be entered denying Petitioner's requests for an evidentiary hearing and appointment of counsel, denying the Petition, and dismissing this action with prejudice.

Finally, the Court notes that Petitioner filed a Notice of Appeal on December 6, 2013.  Because Judgment had not yet been entered at that time, Petitioner's appeal was premature and ineffective.  See generally Burnside v. Jacquez, 731 F.3d 874 (9th Cir. 2013).  Should Petitioner desire to appeal from entry of Judgment, he must file another notice of appeal.

DATED: January 6, 2014

CORMAC J. CARNEY
U.S. DISTRICT JUDGE